## Overseers of the Poor *against* Aurand and Wolf.

The acts and exertions of the inhabitants of a township to get rid of one, who is not, but is likely to become chargeable as a pauper, will not render them liable to an action for a conspiracy by the township to which he goes.

ERROR to the common pleas of *Union* county.

The overseers of the poor of Union township against Abraham Aurand and John Wolf. This was an action on the case in the nature of a conspiracy. The declaration set out that one Jacob Metzger was an inhabitant, and had a legal settlement in the township of Union, where he paid his taxes, &c. That in 1835, he removed his wife and family to the township of Buffaloe, where he was legally assessed and charged with taxes for 1836 and 1837; and that the defendants then conspired together to prevent the said Jacob Metzger from gaining a legal settlement in the township of Buffaloe; in pursuance of which design, they called upon the collector of taxes, and paid that with which the said Metzger was assessed, and prevented the collector from calling upon him; and caused his name to be stricken from the list of taxables residing in Buffaloe township. And that since that time, by reason of the conspiracy of the defendants, the said Jacob Metzger became chargeable as a pauper upon the township of Union, to which he was removed by an order from the township of Buffaloe: and that the said township of Union had been put to great expense in appealing from the order of removal, and in maintaining the said pauper; to wit, 500 dollars.

The plaintiffs offered in evidence all the facts laid in the declaration, as constituting a conspiracy on the part of the defendants.

The court below (Lewis, president) was of opinion, that all the facts stated did not constitute a legal cause of action, and therefore rejected the evidence.

*Merril*, for plaintiff in error, cited 1 *Com. Dig.* 341; 1 *Wils. Bac. Ab.* 95; 1 *Bin.* 172; 1 *Saund.* 228; 3 *Chit. Crim. Law* 1142; 8 *Serg. & Rawle* 522; 2 *Penn. Rep.* 126; 6 *Watts* 304; 7 *Pick.* 542.

*Miller*, contra, cited 1 *Esp. Rep.* 204; 1 *Har. Dig.* 810; 2 *Sark. Ev.* 413; *East P. C.* 461; *Act of* 14*th June*, 1836, *Str. Purd.* 821; 2 *Term Rep.* 232; *Doug.* 205; 1 *Stra.* 114; 2 *Wils.* 210.

PER CURIAM.—Even did the payment of his taxes prevent the man from gaining a new settlement, which we by no means admit,

[Overseers of the Poor v. Aurand and Wolf.]

yet the township where he was last settled, has no vested right in the question; and no action lies for the supposed invasion of it. The case resembles that of Shrunk *v.* The Schuylkill Navigation Company, 14 *Serg. & Rawle* 71, in which an action was brought for preventing the fish in the river from coming to the plaintiff to be caught. Would an action lie for procuring a creditor to sue, before the statute of limitation had run its course? It is one thing to affect a party's interest, and another to affect his right. In any view of the matter, the defendants, being rateable in the township of the man's residence, had the same right and interest to prevent him from becoming chargeable on it, that the plaintiff had to get rid of him; and they are, for that reason, if for no other, not answerable.

Judgment affirmed.